Argued February 3, reversed and remanded March 1, 1967

LONG, *Appellant, v.* STATE INDUSTRIAL
ACCIDENT COMMISSION, *Respondent.*

424 P. 2d 236

*James K. Gardner,* Hillsboro, argued the cause and filed the brief for appellant.

*Harold W. Adams,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General and Wallace Carpenter, Chief Counsel, Salem.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and FORT, Justices.

FORT, J. (Pro Tempore).

At all times herein involved, Edison McBride was the owner and operator as sole proprietor of the Hills-

boro Convalescent Home. On January 7, 1963, he employed the plaintiff as a nurse's aide. She worked in that capacity continuously thereafter under the direct supervision of Mrs. Hines, the head nurse. Early in November, 1964, Mr. McBride began the transfer of some of the patients and some of his staff from Hillsboro Convalescent Home to the newly constructed Hillaire Convalescent Home. Both of these homes were operated during this period under the direction and supervision of Edison McBride.

At all times during plaintiff's employment, Mr. McBride, doing business as a sole proprietorship under the assumed name of Hillsboro Convalescent Home, was a covered employer by the SIAC having made and filed the election required under ORS 656.034. He was at all times in good standing, and all payments required by law to be made to the Commission on behalf of and by his employees, including the plaintiff, had been made to and accepted by it. All sums paid by Mr. McBride on behalf of plaintiff and his other employees during November 1964, including the contributions of the employees, were retained by the Commission, whether a particular employee was working at Hillsboro Convalescent Home or Hillaire Convalescent Home.

On November 30, 1964, while working within the scope of her employment on the premises denominated Hillaire Convalescent Home, plaintiff sustained an injury. Claim therefore was timely filed with the defendant. On January 5, 1965, the Commission rejected the claim on the ground:

> "There is no evidence that said claimant was employed subject to provision of Oregon Workmen's Compensation law at the time of said alleged accident injury."

At the Circuit Court trial plaintiff testified she was employed by Edison McBride at all times including the time of the accident—and never by anybody else. Mr. McBride testified on direct examination the plaintiff worked for him from January 7, 1963, to December 7, 1964. On cross examination he stated:

> \* \* \* \* \*
>
> "Q Is it your testimony that she was an employee of you, personally, at the time that she worked at the Hillaire Convalescent Home?
>
> "A Yes."
>
> \* \* \* \* \*

At the conclusion of plaintiff's case the court upon appropriate motion entered its judgment of involuntary nonsuit upon the ground that it affirmatively appeared:

> "\* \* \* a new entity was created by employer of plaintiff, and therefore that plaintiff was not working in an employment covered by Oregon's Workmen's Compensation Law, \* \* \*."

Plaintiff appeals therefrom. The question then is whether there is any evidence which would have warranted submission of this matter to the jury.

On December 17, 1963, George Suniga and Edison McBride entered into a written agreement entitled:

> "Joint Adventure Agreement for *the Construction of* Hillaire Convalescent Home and the *Creation of* Hillaire Convalescent Home, Inc." (Emphasis ours.)

Paragraph I provides:

> "These articles of joint adventure shall control and determine the rights, duties and obligations of the parties hereto, to the exclusion of all other agreements, from and as of December 17th, 1963, *with reference to the construction of the aforesaid*

*convalescent home until the formation and active operation of the corporation hereinafter referred to.*" (Emphasis ours.)

Paragraph II provides:

"Each of the parties hereto will devote in the future such of his personal time and efforts to the joint adventure and the furtherance of the *construction of the building and creation of the corporation* as required in or necessary to the efficient performance of those aims, and for which they shall receive no compensation except as provided for herein." (Emphasis ours.)

Paragraph III provides:

"The undersigned GEORGE SUNIGA agrees:
"(1) To enter into a *construction contract* with EDISON McBRIDE for the *construction* of the convalescent home according to the terms and specifications thereof. \* \* \*." (Emphasis ours.)
\* \* \* \* \*

"(5) To maintain an account with the State Industrial Accident Commission of the State of Oregon covering the parties hereto as employers *during the construction* of the convalescent home for the protection of all employees of the party *engaged in said construction,* and in addition to provide liability insurance for the parties hereto in the amount of $50,000.00 for the benefit of the parties for any liability arising out of and by virtue of such *construction* not covered by the Industrial Accident coverage hereinabove referred to." (Emphasis ours.)

Paragraph IV(2) provides:
\* \* \* \* \*
"\* \* \* Upon completion of the construction of the nursing home and formation of the corporation as set out above, \* \* \*"

certain acts not here relevant would be performed.

The Commission here asserts first that plaintiff was employed by the "joint adventure" of George Suniga and Edison McBride, and not by Edison McBride dba Hillsboro Convalescent Home; and second, that even if she were the employee of Edison McBride only, he was not a covered employer with respect to those of his employees working at the Hillaire Convalescent Home during the period prior to the creation and incorporation of Hillaire Convalescent Home, Inc., which did not take place until December 21, 1964. Plaintiff obviously was not and could not have been an employee of the corporation at any time prior to her injury since the corporation had not yet come into existence. Furthermore, due to the injury her employment by Mr. McBride terminated December 6, 1964.

We have previously held that a joint adventure is never presumed, hence the burden of establishing it is upon the party who alleges it; and that whether in a given situation a joint adventure exists is a question of fact for the jury:

"'* * * unless, in the opinion of the Court, but one inference can be drawn by reasonable men.'"[1]

This rule has equal application in determining whether a challenged activity is within the scope of the joint adventure. Furthermore, as this court pointed out in *Fenton v. SIAC,* 199 Or 668, 264 P2d 1037 (1953), in determining the relationship established by a joint adventure agreement, the contract must be taken in its entirety.

In determining whether plaintiff was an employee of the joint adventure, as claimed by defendant, the written agreement of the parties, substantially set

---

[1] Preston v. SIAC, 174 Or 553, at 562, 149 P2d 957 (1944).

forth above, reveals that at the very least this must be considered a jury question. It seems clear that this agreement related only to the *construction* of Hillaire Convalescent Home, Inc. *Only following the creation* of the corporation was there to be any operation of the new convalescent home. Except for an ambiguous phrase in the first of the recitals, nothing in the agreement supports the conclusion that the joint adventure contemplated operation as distinguished from construction of the convalescent home *prior to the formation of the corporation.* The strong indication is that it was limited to the construction of Hillaire and, upon its completion, to the formation of a corporation to operate the new Hillaire Convalescent Home. There is nothing in the body of the agreement to establish an intent or even an authority to operate the Hillaire Convalescent Home as a joint adventure prior to the formation of the corporation. Indeed, the agreement itself, in the absence of further evidence showing a modification thereof, would seem insufficient to warrant submission to a jury of the question of operation by the joint adventure at all. There is similarly no evidence in the record to establish that the conditions precedent in the agreement to the establishment of the corporation had come to pass, or that there was any unreasonable delay in its formation.

The Commission also further contends that those employees who began work at Hillaire when it was opened early in November, 1964, were in any event employees of a different legal entity. ORS 656.122, then in effect, provided:

> "If an employer is subject to ORS 656.002 to 656.590 as to any occupation, all workmen employed by him in such occupation are subject to ORS 656.002 to 656.590 as workmen, but not otherwise."

Edison McBride was a nursing home operator. He employed the plaintiff to work in that occupation. She did and was injured while so engaged. It is conceded by the parties that the operation of a nursing home is a nonhazardous occupation under the Workmen's Compensation Act.[2]

In its brief the state also concedes it makes no contention that this is a case of the cancellation of an existing coverage of a nonhazardous business. ORS 656.036(1) provides:

> "(1) If any employer, subject to ORS 656.002 to 656.590 for a nonhazardous occupation, abandons that nonhazardous occupation or changes his place of business without giving written notice thereof to the commission within 30 days after such change, or fails to pay the annual fee as provided by ORS 656.504, within 30 days after due date, the election under ORS 656.034 is deemed canceled."

It is clear here that Mr. McBride did not abandon his occupation as a nursing home operator; nor did he change his place of business. The state concedes not only that the Hillsboro Nursing Home continued in full operation during this entire period and thereafter, but that the accident happened within 30 days after plaintiff began working at Hillaire. The statute proscribes an employer from changing his place of business. It nowhere proscribes an employer from adding a second or additional place of business, whether permanently or temporarily. It is the identity of the occupation which is significant; not the name under which it is carried on. A jury could well find Mr. McBride merely extended his existing occupation temporarily to include a second establishment.

---

[2] Shaw v. State Ind. Acc. Com., 197 Or 545, 254 P2d 207 (1953).

It follows, then, that the contention of the defendant that there was no evidence from which a jury could find the plaintiff was employed subject to the provisions of the Workmen's Compensation Act at the time of her injury must fail.

The judgment accordingly is reversed and remanded for a new trial.